1  JACKSON LEWIS P.C.
   JAMES T. JONES (SBN 167967)
2  DOUGLAS G.A. JOHNSTON (SBN 268880)
   JOHNNY A. COLON (SBN 294447)
3  400 Capitol Mall, Suite 1600
   Sacramento, California 95814
4  Telephone:  (916) 341-0404
   Facsimile:   (916) 341-0141
5  Email:  jonesj@jacksonlewis.com
           douglas.johnston@jacksonlewis.com
6          colonj@jacksonlewis.com

7  Attorneys for Defendants
   ATWORK PERSONNEL SERVICES and
8  W.G. HALL LLC

9                  UNITED STATES DISTRICT COURT

10                 EASTERN DISTRICT OF CALIFORNIA

11  PAULINE RODRIGUEZ,                    | Case No.

12          Plaintiff,                    | NOTICE OF REMOVAL OF ACTION
                                          | TO THE UNITED STATES DISTRICT
13      v.                                | COURT FOR THE EASTERN DISTRICT
                                          | OF CALIFORNIA PURSUANT TO
14  ATWORK PERSONNEL SERVICES, W.G.       | 28 U.S.C. §§ 1332, 1441(b), 1446
    HALL LLC, and DOES 1 through 50, inclusive,
15                                        | DIVERSITY JURISDICTION
            Defendants.
16
                                          | Complaint Filed:  04/7/16
17                                        | Trial Date:        TBA

18

19         TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR

20  THE EASTERN DISTRICT OF CALIFORNIA:

21         PLEASE TAKE NOTICE that ATWORK PERSONNEL SERVICES and W.G. HALL

22  LLC., (collectively "Defendants") hereby remove the below referenced action from the Superior

23  Court of the State of California in and for the County of San Joaquin to the United States District

24  Court for the Eastern District of California, Sacramento Division.  Defendant invokes this Court's

25  jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441(b), 1446 and, specifically, on the following

26  grounds:

27  / / /

28  / / /

                                          1

## JURISDICTION

1.      This Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446 because this action is a civil action between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.

2.      On April 7, 2016, Plaintiff Pauline Rodriguez ("Plaintiff") filed a civil complaint against Defendants in the Superior Court of the State of California in and for the County of San Joaquin, captioned *Pauline Rodriguez v. Atwork Personnel Services, W.G. Hall LLC and Does 1 through 50*, under Case No. STK-CV-VWT-2016-3335 ("Rodriguez Action").  The Rodriguez Action sets forth the following six causes of action:  (1) physical disability discrimination; (2) violation of Government Code § 12940(m); (3) violation of Government Code § 12940(n); (4) violation of Government Code § 12940(k); (5) violation of California Family Rights Act; and (6) tortious termination in violation of Public Policy.

3.      Plaintiff filed the Summons and Complaint on April 7, 2016.  Attached as **Exhibit 1** are true and correct copies of said documents.

4.      On May 11, 2016, Defendants filed and served its Answer.  Attached as **Exhibit 2** is a true and correct copy of Defendants' Answer.

5.      Upon information and belief, Plaintiff is an individual and a resident of the State of California domiciled in the County of San Joaquin.  (Complaint ¶1 [alleging Plaintiff was employed by Defendants in the County of San Joaquin, State of California].)  Defendants are incorporated under the laws of the State of Tennessee.  Defendants' principal office and place of business is in Knoxville, Tennessee.  (*Hertz v. Friend*, 130 S.Ct. 1181, 1186 and 2010 U.S. LEXIS 1897 (2010) ["the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"].)

6.      The only defendants other than ATWORK PERSONNEL SERVICES and W.G. HALL LLC named in Plaintiff's Complaint are fictitious parties identified as "Does 1 through 50," whose citizenship is disregarded for the purpose of removal.  (28 U.S.C. § 1441(b)(1).)

/ / /

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), 1446

7. Although the Complaint is silent as to the total amount of monetary relief claimed, the Plaintiff's failure to specify the total amount of monetary relief sought does not deprive the Court of jurisdiction. (See *White v. J.C. Penny Life Ins. Co.*, 861 F.Supp.25, 26 (S.D. W.Va. 1994) [Defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim"].)

8. Counsel for Defendants specialize in representing employers in employment law matters, including claims against employers for disability discrimination, failure to engage in the interactive process and failure to accommodate. Based on this expertise and experience, the nature of Plaintiff's allegations, and the relief sought by Plaintiff, the amount in controversy in this type of case routinely exceeds $75,000, exclusive of interest and costs. Specifically, the following allegations in Plaintiff's Complaint demonstrate the amount in controversy exceeds $75,000 if Plaintiff prevails at trial:

  a. Plaintiff has suffered substantial losses in earnings, bonuses, and other employment benefits, including but not limited to expenses incurred in obtaining substitute employment. (Complaint ¶ 26.)

  b. Plaintiff was compelled to and did employ health providers to examine, treat and care Plaintiff. Plaintiff will require additional health provider services and incur additional liabilty for health services. (*Id*. at ¶27.)

  c. Plaintiff has suffered and continues to suffer humiliation, anxiety, embarassment, anger, loss of enjoyment in life, emotional distress, and mental and physical pain and anguish. (*Id*. at ¶28.)

  d. Defendants committed the allegd acts maliciously, fraudulently, and oppressively, and with the wrongful intention of injurying Plaintiff, and acted with improper and evil motive. As a result of Defendants' conduct, Plaintiff is entitled to recover punitve dmages. (*Id*. at ¶29.)

  e. Plaintiff has incurred, and continues to incur, and is entitled to recover legal expenses and attorney fees. (*Id*. at ¶31.)

f.      Plaintiff is entiteld to reninstatement of employment. (*Id*. at ¶32.)

g.      Plaintiff seeks injunctive and declaratory relief.  (*Id*. at ¶33.)

h.      An award of punitive damages.  (*Id.* at p.9.)

## TIMELINESS OF REMOVAL

9.      Defendants filed this Notice of Removal within 30 days after Plaintiff served Defendants with the Summons and Complaint; within one year after the state court action was filed; and within 30 days of Defendants' knowledge of its ability to remove.  This Notice of Removal therefore is filed within the period provided by 28 U.S.C. § 1446(b).

## VENUE

10.      Venue is in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), because the state court action was filed in San Joaquin County and this is the judicial district in which the action arose.

## PLEADINGS FILED IN STATE COURT

11.      Pursuant to 28 U.S.C § 1446(a), attached as **Exhibit 3** is a true and correct copy of all additional process, pleadings and orders served upon Defendants and/or filed with the State Superior Court in the Rodriguez Action.  Absent this exhibit, Defendants are unaware of other papers filed in this action.

## NOTICE TO PLAINTIFF AND STATE COURT

12.      In accordance with 28 U.S.C. §  1446(d), Defendants' counsel certifies that it will promptly serve Plaintiff's counsel and file with the Clerk of San Joaquin County Superior Court a copy of this Notice of Removal and all supporting papers.  As a result, Defendants will have satisfied all procedural requirements under 28 U.S.C. § 1446.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    WHEREFORE, Defendants remove the above-entitled action now pending in the Superior

2  Court of the State of California in and for the County of Sacramento to this Court.

3

4  Dated:  May 11, 2016                    JACKSON LEWIS P.C.

5

6                                          By:___/s/ Johnny A. Colón_____
                                              JAMES T. JONES
7                                             DOUGLAS G.A. JOHNSTON
                                              JOHNNY A. COLON
8
                                          Attorneys for Defendants
9                                         ATWORK PERSONNEL SERVICES,
                                          W.G. HALL LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), 1446

## PROOF OF SERVICE

     I am employed in the County of Sacramento, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

     On May 11, 2016, I served the within:

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b), 1446**

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

☐   **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

☒   **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

☐   **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

☐   **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete.  A copy of the transmission record is attached hereto.

☐   **ELECTRONIC MAIL** - by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

Adam Blair Corren
Spencer D. Sinclair
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA  95207

**ATTORNEYS FOR PLAINTIFF**

Telephone:    (209) 478-2621
Facsimile:     (209) 478-3038
Email: office@correnlaw.com

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 11, 2016 at Sacramento, California.

                         */s/ Katie Edwards*
                         Katie Edwards

4822-1307-6529