# EXHIBIT 1

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

16 APR -7 AM 9:17

ROSA JUNQUEIRO, CLERK

**RITA L. GOMEZ**

BY _____ DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ATWORK PERSONNEL SERVICES, W.G. HALL LLC, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAULINE RODRIGUEZ

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of San Joaquin
222 E. Weber Avenue, Stockton, CA 95202

STK-CV-UWT-2016-3335

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Adam Blair Corren & Spencer D. Sinclair; 5345 N. El Dorado St., #7, Stockton, CA 95209; (209) 478-2621

| DATE: APR 0 7 2016 | ROSA JUNQUEIRO | Clerk, by | RITA L. GOMEZ | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ATWORK Personnel Services

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* UNKNOWN
4. ☒ by personal delivery on *(date):* 4-12-16

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Adam Blair Corren, SBN: 183067
Spencer D. Sinclair, SBN: 294340
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA 95207
Telephone: (209) 478-2621
Facsimile: (209) 478-3038
office@correnlaw.com

Attorneys for Plaintiff
Pauline Rodriguez

FILED

16 APR -7 AM 9:17

ROSA JUNQUEIRO, CLERK

RITA L. GOMEZ
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

|  |  |
|---|---|
| PAULINE RODRIGUEZ,<br><br>  Plaintiff,<br><br>vs.<br><br>**ATWORK PERSONNEL SERVICES, W.G. HALL LLC, and DOES 1 through 50, inclusive,**<br><br>  Defendants. | Case No.  STK-CV-UWT-2016-3335<br><br>**COMPLAINT** |

THIS CASE HAS BEEN ASSIGNED TO JUDGE
BARBARA A. KRONLUND IN DEPARTMENT 42
FOR ALL PURPOSES, INCLUDING TRIAL

Plaintiff Pauline Rodriguez complains of Defendants Atwork Personnel Services, W.G. Hall

LLC, and Does 1 through 50, inclusive, and alleges on information and belief as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.     At all times herein mentioned, Plaintiff Pauline Rodriguez (hereinafter referred to as

"Plaintiff"), was an adult person and was employed by Defendants in the County of San Joaquin, State

of California.

2.     At all times herein mentioned, Defendant Atwork Personnel Services was a business

entity authorized and licensed to do business in the County of San Joaquin, State of California.

3.     At all times herein mentioned, Defendant W.G. Hall LLC was a business entity authorized and licensed to do business in the County of San Joaquin, State of California.

4.     That the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names and will seek leave of Court, if necessary, to amend this complaint to insert the true names and capacities of such Defendants when same have been ascertained.

5.     That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment. All acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant, and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized, or ratified each such act. Plaintiff is informed and believes and thereon alleges that each Defendant, and each of them, was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner, and/or joint venturer of each other Defendant, and each of them; and, in doing the things alleged herein, was acting at least   in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

6.     The Defendants named herein pursued a common course of conduct with, acted in concert with, conspired with, and aided and abetted each other to accomplish the wrongs set forth in this complaint, and is each, in whole or in part, legally responsible for Plaintiff's damages and relief as set forth in this complaint.

7.     That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and servant of all the other Defendants and was acting within the scope of said employment.

8.     Defendants Atwork Personnel Services, W.G. Hall LLC, and Does 1 through 50, inclusive, shall hereinafter be collectively referred to as "Defendant."

9.     In or about November 2013, Plaintiff was hired by Defendant to work as a janitor.

10.   On or about January 19, 2015, Plaintiff suffered a wrist injury while working for Defendant and was taken to the emergency room.

11.   On or about January 20, 2015, Plaintiff received treatment from US Healthworks for a broken wrist. US Healthworks placed Plaintiff off work for 3 days and provided Plaintiff a Doctor's note to that effect. Later that day, Plaintiff furnished Defendant with said Doctor's note.

12.   On or about January 21, 2015, Defendant's employee Jasmine Stewart informed Plaintiff she needed to report to work and perform light duty work at Defendant's Personnel Office.

13.   On or about January 22, 2015, Plaintiff reported to Defendant's Personnel Office and performed such light duty work.

14.   On or about January 23, 2015, Plaintiff presented to US Healthworks for her scheduled appointment, and informed US Healthworks she had reported to work for light duty. US Healthworks issued a second Doctor's note taking Plaintiff off work until on or about February 6, 2016, and referred Plaintiff to Dr. Michael Lin at Alpine Orthopedic.

15.   On or about January 26, 2015, Plaintiff received left wrist surgery.

16.   On or about February 6, 2015, Dr. Lin placed Plaintiff off work until on or about March 6, 2015.

17.   On or about February 20, 2015, Dr. Lin referred Plaintiff to physical therapy which was to occur from on or about March 5, 2015, to on or about May 26, 2015. Dr. Lin instructed Plaintiff to remain off work until on or about March 16, 2015.

18.   On or about March 16, 2015, US Healthworks placed Plaintiff off work until on or about March 25, 2015.

19.   On or about March 18, 2015, Plaintiff was released from Dr. Lin's care.

20.   On or about March 25, 2015, Plaintiff was released from US Healthworks' care.

21.   On or about March 25, 2016, Plaintiff provided a return to work document to Defendant's receptionist Carol, as Ms. Stewart was not in the Defendant's office. Later that day, Plaintiff contacted Ms. Stewart regarding Plaintiff's return to work. Unfortunately, Ms. Stewart informed Plaintiff there was no work available for Plaintiff and to wait for Ms. Stewart to contact Plaintiff.

22.     From on or about March 25, 2015, to on or about April 15, 2015, Plaintiff regularly contacted Defendant, and Ms. Stewart failed to return Plaintiff's telephone calls.

23.     On or about April 27, 2015, Defendant's client supervisor, Brian Hanson, contacted Plaintiff and asked when Plaintiff was going to return to work at Mr. Hanson's job site. Plaintiff informed Mr. Hanson that Plaintiff had been told there was no work available for Plaintiff with Defendant. Mr. Hanson stated he would look into the situation.

24.     Later that same day, on or about April 27, 2015, Mr. Hanson contacted Plaintiff again and informed Plaintiff that Ms. Stewart stated Plaintiff was not available to work because Plaintiff was still receiving physical therapy.

25.     Unfortunately, on or about April 28, 2015, Mr. Hanson again contacted Plaintiff and informed Plaintiff that he had received an email from Ms. Stewart which stated the reason Plaintiff could not return to work for Defendant was because Plaintiff had a workers' compensation case against Defendant and that Plaintiff was not legally released from the doctor because she continued to receive physical therapy.

## REMEDIES

26.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered substantial losses in earnings, bonuses, and other employment benefits, including but not limited to expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

27.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff was compelled to and did employ health providers to examine, treat and care for Plaintiff. Plaintiff has incurred liability therefore in an amount according to proof. Plaintiff is informed and believes and on such information and belief alleges that Plaintiff will necessarily by reason of said Defendant's conduct, require additional health provider services and incur additional liability for health provider services in an amount according to proof.

28.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and mental and physical pain and anguish, all to Plaintiff's damage in an amount

according to proof.

29.     The Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil motive amounting to malice.  As a result of the Defendant's conduct, Plaintiffs are entitled to recover punitive damages in an amount commensurate with the Defendant's wealth.

30.     Plaintiff is entitled to recover interest, including prejudgment interest, at the legal rate in an amount according to proof.

31.     Plaintiff has incurred, continues to incur, and is entitled to recover legal expenses and attorney fees in an amount according to proof.

32.     Plaintiff is entitled to reinstatement of her employment with Defendant.

33.     Plaintiff seeks appropriate injunctive and/or declaratory relief prohibiting the recurrence and/or continuation of Defendant's unlawful discrimination and/or harassment practices.

## FIRST CAUSE OF ACTION

### (Physical Disability Discrimination)

34.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.     At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on the Defendant.  These sections required the Defendant to refrain from discriminating against Plaintiff on the basis of a physical disability or perceived physical disability, among other things.  Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

36.     Plaintiff believes and thereon alleges that Plaintiff's physical disability or perceived physical disability was a factor in Defendant's decision to discriminate against and terminate Plaintiff.  Such discrimination is in violation of California Government Code sections 12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

///

SECOND CAUSE OF ACTION

(Violation of Government Code §12940(m))

37.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

38.     At all times herein mentioned, California Government Code §12940(m) was in full force and effect and was binding on the Defendant. This section required the Defendant to make reasonable accommodation for Plaintiff's known physical disability so long as such accommodation would not produce undue hardship for the Defendant or to its operation. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

39.     Plaintiff believes and thereon alleges that Defendant failed to accommodate Plaintiff's known physical disability even though such accommodation would not produce undue hardship for the Defendant or to its operation.  Such action, or failure to act, is in violation of California Government Code §12940(m) and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION

(Violation of Government Code §12940(n))

40.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

41.     At all times herein mentioned, California Government Code §12940(n) was in full force and effect and was binding on the Defendant. This section required the Defendant to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical disability.  Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

42.     Plaintiff believes and thereon alleges that Defendant failed to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in

1   response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical

2   disability. Such action, or failure to act, is in violation of California Government Code §12940(n) and has

3   resulted in damage and injury to Plaintiff as alleged herein.

4          WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION

### (Violation of Government Code Subsection 12940(k))

7          43.   The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

8   by reference.

9          44.   At all times herein mentioned, California Government Code subsection 12940(k) was in

10  full force and effect and was binding on the Defendants. This subsection required the Defendant to "take

11  all reasonable steps necessary to prevent discrimination and harassment from occurring."   Within the

12  time provided by law, Plaintiff filed complaints with the California Department of Fair Employment and

13  Housing, in full compliance with this subsection, and received right-to-sue letters (herein attached as

14  Exhibit "1").

15         45.   Plaintiff believes and thereon alleges that Defendant failed to take all reasonable steps

16  necessary to prevent discrimination and/or harassment from occurring. Such failure is in violation of

17  California Government Code subsection 12940(k) and has resulted in damage and injury to Plaintiff as

18  alleged herein.

19         WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION

### (Violation of California Family Rights Act)

22         46.   The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

23  by reference.

24         47.   At all times herein mentioned, California Government Code section 12945.2 (commonly

25  referred to as the California Family Rights Act, hereafter "CFRA") was in full force and effect and was

26  binding on Defendant. This section, among other things, required the Defendant to allow Plaintiff a

27  medical leave pursuant to Plaintiff's serious health condition and required the Defendant to refrain from

28  terminating Plaintiff during the time period of said medical leave. Within the time provided by law,

Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with this section, and received a right-to-sue letter (herein attached as Exhibit "I").

48.    Plaintiff believes and thereon alleges that Defendant failed to provide Plaintiff with said medical leave and/or Defendant terminated Plaintiff during the time period of said medical leave.  Such actions by Defendant are in violation of California Government Code section 12945.2 and have resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION

### (Tortious Termination In Violation of Public Policy)

49.    The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

50.    At all times herein mentioned, California Constitution Article XIV, Section 4 and California Labor Code Section 132a were in full force and effect and was binding on the Defendant. These sections, among other things, required the Defendant to allow Plaintiff access to the workers' compensation system and required the Defendant to refrain from terminating Plaintiff because Plaintiff utilized said system.

51.    As herein previously alleged, Defendant failed to provide Plaintiff with said access and/or Defendant terminated Plaintiff because Plaintiff utilized said system.  Such actions by Defendant are in violation of the public policy of the State of California as reflected in the California Constitution and Labor Code, and have resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## REQUEST FOR JURY TRIAL

Wherefore, Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For compensatory damages, including lost wages, lost health provider expenses, and lost employment benefits;

2.    For general damages, including mental and emotional distress damages;

3.    For punitive damages;

4.    For an award of interest, including prejudgment interest, at the legal rate;

5.    For an award of attorney fees;

6.    For costs of suit incurred;

7.    For an order by the Court reinstating Plaintiff's employment with Defendant;

8.    For appropriate injunctive and/or declaratory relief prohibiting the recurrence and/or continuation of Defendant's unlawful discrimination and/or harassment practices; and

9.    For such other and further relief as the court deems appropriate.

DATED: 4-6-16                          LAW OFFICES OF CORREN & CORREN

ADAM BLAIR CORREN
Attorney for Plaintiff,
Pauline Rodriguez

EXHIBIT 1

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

**AMENDED**

May 28, 2015

Spencer Sinclair
5345 N. El Dorado, Suite 7 5345 N. El Dorado Street, Ste 7
Stockton CA 95207

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer. You or your attorney must serve the complaint. If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

May 28, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency | GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

## AMENDED

May 28, 2015

Pauline Rodriguez
5345 N. El Dorado, Suite 7
Stockton, California 95207

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

Dear Pauline Rodriguez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 28, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc: W.G. Hall LLC

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 566279-161267
Pauline Rodriguez, Complainant.
5345 N. El Dorado, Suite 7
Stockton, California 95207

vs.

Atwork Personnel Services, Respondent.
221 Tuxedo Court
Stockton, California 95204

Complainant alleges:

1. Respondent Atwork Personnel Services is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **April 28, 2015**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or medical leave, Denied reasonable accommodation, Terminated, .**  Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Family Care or Medical Leave .**

3. Complainant **Pauline Rodriguez** resides in the City of Stockton, State of **California**.  If complaint includes co-respondents please see below.

-5-
*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

H 902-1

1

2    **Co-Respondents:**
     W.G. Hall LLC

3    3215 W. Gobernor John Sevier Hwy
     Knoxville  Tennessee 37920

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

1

2      Additional Complaint Details:

3

4      In or about November 2013, Complainant was hired by Respondents to work as a
       janitor.
5      On or about January 19, 2015, Complainant suffered a wrist injury while working for
       Respondents and was taken to the emergency room.
6      On or about January 20, 2015, Complainant received treatment from US Healthworks
       for a broken wrist. US Healthworks placed Complainant off work for 3 days and
7      provided Complainant a Doctors note to that effect. Later that day, Complainant
       furnished Respondents with said Doctors note.
8      On or about January 21, 2015, Respondents employee Jasmine Stewart informed
       Complainant she needed to report to work and perform light duty work at Respondents
9      Personnel Office.
       On or about January 22, 2015, Complainant reported to Respondents Personnel Office
10     and performed such light duty work.
       On or about January 23, 2015, Complainant presented to US Healthworks for her
11     scheduled appointment, and informed US Healthworks she had reported to work for
       light duty. US Healthworks issued a second Doctors note taking Complainant off work
12     until on or about February 6, 2016, and referred Complainant to Dr. Michael Lin at
       Alpine Orthopedic.
13     On or about January 26, 2015, Complainant received left wrist surgery.
14     On or about February 6, 2015, Dr. Lin placed Complainant off work until on or about
15     March 6, 2015.
       On or about February 20, 2015, Dr. Lin referred Complainant to physical therapy which
16     was to occur from on or about March 5, 2015, to on or about May 26, 2015. Dr. Lin
       instructed Complainant to remain off work until on or about March 16, 2015.
17     On or about March 16, 2015, US Healthworks placed Complainant off work until on or
18     about March 25, 2015.
       On or about March 18, 2015, Complainant was released from Dr. Lins care.
19     On or about March 25, 2015, Complainant was released from US Healthworks care.
       On or about March 25, 2016, Complainant provided a return to work document to
20     Respondents receptionist Carol, as Ms. Stewart was not in the Respondents office.
       Later that day, Complainant contacted Ms. Stewart regarding Complainants return to
21     work. Unfortunately, Ms. Stewart informed Complainant there was no work available for
       Complainant and to wait for Ms. Stewart to contact Complainant.
22     From on or about March 25, 2015, to on or about April 15, 2015, Complainant regularly
       contacted Respondents, and Ms. Stewart failed to return Complainants telephone calls.
       On or about April 27, 2015, Respondents client supervisor, Brian Hanson, contacted
       Complainant and asked when Complainant was going to return to work at Mr. Hansons
       job site. Complainant informed Mr. Hanson that Complainant had been told there was

-7-

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

no work available for Complainant with Respondents. Mr. Hanson stated he would look into the situation.

Later that same day, on or about April 27, 2015, Mr. Hanson contacted Complainant again and informed Complainant that Ms. Stewart stated Complainant was not available to work because Complainant was still receiving physical therapy.

Unfortunately, on or about April 28, 2015, Mr. Hanson again contacted Complainant and informed Complainant that he had received an email from Ms. Stewart which stated the reason Complainant could not return to work for Respondents was because Complainant had a workers compensation case against Respondents and that Complainant was not legally released from the doctor because she continued to receive physical therapy.

Date Filed: May 28, 2015

Date Amended: March 18, 2016

## VERIFICATION

1    I, **Spencer D. Sinclair**, am the Attorney for Complainant in the above-entitled complaint.   I have read the
2    foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those
3    matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4    On May 28, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct.

5

6                                                           Stockton, CA
                                          **Spencer D. Sinclair**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

H 902-1

# EXHIBIT 2

FILED BY FAX

1    JACKSON LEWIS P.C.
     JAMES T. JONES (SBN 167967)
2    DOUGLAS G.A. JOHNSTON (SBN 268880)
     JOHNNY A. COLON (SBN 294447)
3    400 Capitol Mall, Suite 1600
     Sacramento, California 95814
4    Telephone:  (916) 341-0404
     Facsimile:  (916) 341-0141
5    Email: jonesj@jacksonlewis.com
            colonj@jacksonlewis.com
6
7    Attorneys for Defendants
     ATWORK PERSONNEL SERVICES and
8    W.G. HALL LLC

FILED

16 MAY 11 AM 11: 52

ROSA JUNQUEIRO, CLERK
Angela Constantino
BY _____
            DEPUTY

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF SAN JOAQUIN

11   PAULINE RODRIGUEZ,                    Case No. STK-CV-VWT-2016-3335

12              Plaintiff,

13        v.                               DEFENDANTS ATWORK PERSONNEL
                                           SERVICES' AND W.G. HALL LLC'S
14   ATWORK PERSONNEL SERVICES, W.G.       ANSWER TO PLAINTIFF PAULINE
     HALL LLC, and DOES 1 through 50, inclusive,  RODRIGUEZ'S UNVERIFIED
15                                         COMPLAINT
             Defendants.
16                                         Complaint Filed: 04/7/16
17                                         Trial Date:      TBA          BY FAX

18        ATWORK PERSONNEL SERVICES and W.G. HALL LLC (collectively "Defendants")

19   hereby answer PAULINE RODRIGUEZ's ("Plaintiff") unverified Complaint ("Complaint"),

20   without waiving Defendants' right to remove this case to federal court, as follows:

21                               GENERAL DENIAL

22        Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny

23   generally and specifically each and every allegation and cause of action contained in the

24   Complaint and deny that Plaintiff has suffered any injury or been damaged in any sum

25   whatsoever.

26   ///

27   ///

28   ///

                                           1
     DEFENDANTS ATWORK PERSONNEL SERVICES' AND W.G. HALL LLC'S ANSWER
       TO PLAINTIFF PAULINE RODRIGUEZ'S UNVERIFIED COMPLAINT

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.     The Complaint as a whole, and each purported Cause of Action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.     The applicable statute of limitations, including but not limited to Code of Civil Procedure sections 335.1, 337, 338, 339, 340, 343, and Government Code section 12900 et seq., and/or any limitations period agreed to by the parties, bars the Complaint as a whole and each purported Cause of Action alleged therein.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

3.     Plaintiff's failure to properly and timely exhaust administrative remedies bars the Complaint as a whole and each purported Cause of Action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Pre-emption)

4.     To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, et seq.

### FIFTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

5.     The Complaint, and each purported Cause of Action alleged therein, is barred, in whole or in part, under the equitable doctrines of consent, laches, estoppel and unclean hands.

/ / /

2

## SIXTH AFFIRMATIVE DEFENSE

### (Claims Preclusion/Res Judicata)

6.     The Complaint, and each purported Cause of Action alleged therein, is barred, in whole or in part, to the extent that Plaintiff previously pursued the same cause of action in any court or administrative forum.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

7.     To the extent discovery may disclose information that serves as a basis for the termination of Plaintiff's employment, the after-acquired evidence doctrine bars Plaintiff's claims and/or limits available relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

8.     The Complaint, and each purported Cause of Action alleged therein, is barred in whole or in part because any action taken by Defendants with respect to Plaintiff was based on legitimate, non-discriminatory, non-retaliatory business reasons and not on any purported protected status or activity.

## NINTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

9.     Any recovery on Plaintiff's Complaint is barred because Defendants' conduct was privileged, made in good faith and/or justified under California law and for valid business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (Mixed Motives)

10.     Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because, assuming arguendo that unlawful reasons had been a substantial motivating factor in any employment decision toward Plaintiff, Defendants would have made the same employment decisions toward Plaintiff for separate legitimate, non-discriminatory, non-retaliatory and lawful business reasons.

3

### ELEVENTH AFFIRMATIVE DEFENSE

**(Undue Hardship)**

11.    Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in that the accommodation would have imposed an undue hardship upon Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

**(Bona Fide Occupational Qualification)**

12.    Any recovery on Plaintiff's Complaint is barred in whole or in part because the decisions related to Plaintiff's employment were based on bona fide occupational qualifications.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Business Necessity/Job Relatedness)**

13.    Any recovery on Plaintiff's Complaint is barred in whole or in part because each and every action taken by Defendants with respect to Plaintiff was justified by business necessity designed to operate the business safely and efficiently.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(No Certification from Healthcare Provider)**

14.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff failed to provide the requisite certification from a health care provider.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Fitness for Duty Statement)**

15.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Plaintiff failed to provide a fitness for duty statement upon return to work.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Failure to Engage in the Interactive Process)**

16.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because any breakdown in the interactive process was the

/ / /

4

1  result of Plaintiff's conduct, including failure to provide requested information and or

2  documentation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Health or Safety Risk)

17.  Plaintiff's Complaint is barred in whole or in part because, even with a reasonable accommodation, Plaintiff was unable to perform an essential job duty without endangering Plaintiff's health or safety.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Health or Safety Risk of Others)

18.  Plaintiff's Complaint is barred in whole or in part because, even with a reasonable accommodation, Plaintiff was unable to perform an essential job duty without endangering the health or safety of others.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Exercise of Reasonable Care and Avoidable Consequences)

19.  Plaintiff's Complaint is barred in whole or in part because, to the extent that any actions could be construed as unlawful, Defendants exercised reasonable care to prevent such conduct.  Plaintiff unreasonably failed to utilize the preventative or corrective remedies provided by Defendants and failed to otherwise avoid such harm.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Managing Agents)

20.  Any claim for punitive damages is unwarranted in that the individuals who purportedly engaged in unlawful conduct toward Plaintiff are not and have never been managing agents of Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Ratification)

21.  Prior to the filing of Plaintiff's Complaint, Defendants were unaware of any of the conduct alleged in the Complaint and have not ratified, condoned or adopted any such alleged unlawful conduct.

5

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Attorneys Fee Unavailable)

22.     The Complaint, or each purported Cause of Action alleged therein, fails to state a statute or contract that allows Plaintiff to seek recovery of attorney fees.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Insufficient Allegations of Malice, Oppression, or Fraud)

23.     Plaintiff is not entitled to exemplary and punitive damages as prayed because Plaintiff has failed to raise sufficient allegations showing malice, oppression, or fraud and has failed to raise sufficient allegations to trigger an award of punitive damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Punitive & Exemplary Damages Unconstitutional)

24.     Plaintiff's claims for punitive or exemplary damages violate rights provided under the First, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the U.S. Constitution and under the California Constitution and/or are unconstitutional to the extent any such award for punitive or exemplary damages is unreasonable and disproportionate under *State Farm Mutual Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408 and its progeny.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

25.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate alleged damages.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Offset)

26.     Any recovery on Plaintiff's Complaint, or any purported cause of action, is barred in whole or in part because Defendants are entitled to an offset for any monies and other benefits Plaintiff received and was not entitled to and/or did not earn.

/ / /

/ / /

/ / /

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

27.     To the extent prayed for in the Complaint, Plaintiff is not entitled to equitable or injunctive relief, because Plaintiff has suffered no irreparable injury based on any alleged conduct of Defendants, and Plaintiff has an adequate remedy at law for any such alleged conduct.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Binding Arbitration)**

28.     This action should be referred in its entirety to binding arbitration to the extent that Plaintiff had an arbitration agreement with Defendants.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Additional Defenses)**

29.     Because Plaintiff couched her Complaint in conclusory terms, Defendants cannot fully anticipate all defenses applicable to this action.  Accordingly, Defendants' right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by her Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     The Court deny the prayer for relief contained in the Complaint;

4.     For cost of suits incurred herein, including reasonable attorneys' fees; and

5.     For such other and further relief as the Court deems just and equitable.

Dated: May 11, 2016                    JACKSON LEWIS P.C.

By:_____
    JAMES T. JONES
    DOUGLAS G.A. JOHNSTON
    JOHNNY A. COLON

Attorneys for Defendants
ATWORK PERSONNEL SERVICES,
W.G. HALL LLC

DEFENDANTS ATWORK PERSONNEL SERVICES' AND W.G. HALL LLC'S ANSWER
TO PLAINTIFF PAULINE RODRIGUEZ'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2

    I am employed in the County of Sacramento, State of California.  I am over the age of

3

eighteen years and not a party to the within action; my business address is Jackson Lewis P.C., 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

4

    On May 11, 2016, I served the within:

5

**DEFENDANTS ATWORK PERSONNEL SERVICES' AND W.G. HALL LLC'S**

6

**ANSWER TO PLAINTIFF PAULINE RODRIGUEZ'S UNVERIFIED COMPLAINT**

7

on all interested parties in said action, through their attorneys of record as listed below, by placing a true and correct copy thereof, addressed as shown below, by the following means:

8

9

☐   **PERSONAL SERVICE** - by personally delivering a true and correct copy thereof to the person at the address set forth below, in accordance with Code of Civil Procedure section 1011(a).

10

11

☒   **MAIL -** by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mail box, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below.  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

12

13

14

☐   **OVERNIGHT DELIVERY -** by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Norco Delivery Services or delivering to an authorized courier or driver authorized by Norco Delivery Services to receive documents, addressed as set forth below.

15

16

17

☐   **FACSIMILE TRANSMISSION -** by transmitting a true and correct copy by facsimile from facsimile number (916) 341-0141 to the person(s) at the facsimile number(s) set forth below, which transmission was confirmed as complete.  A copy of the transmission record is attached hereto.

18

19

☐   **ELECTRONIC MAIL -** by forwarding a true and correct copy thereof by e-mail from e-mail address _____ to the person(s) at the e-mail address(es) set forth below.

20

21

Adam Blair Corren
Spencer D. Sinclair
LAW OFFICES OF CORREN & CORREN
5345 N. El Dorado, Suite 7
Stockton, CA  95207

**ATTORNEYS FOR PLAINTIFF**

Telephone:    (209) 478-2621
Facsimile:    (209) 478-3038
Email: office@correnlaw.com

22

23

24

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 11, 2016 at Sacramento, California.

25

26

27

*Katie Edwards*

Katie Edwards

28

4817-6578-8209

PROOF OF SERVICE

# EXHIBIT 3

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ATWORK PERSONNEL SERVICES, W.G. HALL LLC, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PAULINE RODRIGUEZ



**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

16 APR -7 AM 9: 17

ROSA JUNQUEIRO, CLERK



BY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:** STK-CV-UWT-2016-3335

Superior Court of California, County of San Joaquin
222 E. Weber Avenue, Stockton, CA 95202

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam Blair Corren & Spencer D. Sinclair; 5345 N. El Dorado St., #7, Stockton, CA 95209; (209) 478-2621

DATE: APR 0 7 2016        ROSA JUNQUEIRO        Clerk, by _Rita Gomez_ , Deputy
*(Fecha)*                                *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | Adam Blair Corren, SBN 183067
2 | Spencer D. Sinclair, SBN: 294340
| LAW OFFICES OF CORREN & CORREN
3 | 5345 N. El Dorado, Suite 7
| Stockton, CA 95207
4 | Telephone: (209) 478-2621
| Facsimile: (209) 478-3038
5 | office@correnlaw.com
6 | Attorneys for Plaintiff
7 | Pauline Rodriguez

**FILED**

16 APR -7 AM 9: 16

ROSA JUNQUEIRO, CLERK

BY _____
DEPUTY

**FEE WAIVER**

8

9 | SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

10

11

12 | **PAULINE RODRIGUEZ,**

Case No. STK-CV-UWT-2016-3335

13 | Plaintiff,

14 | vs.

**COMPLAINT**

15

16 | **ATWORK PERSONNEL SERVICES,**
**W.G. HALL LLC, and DOES 1 through**
17 | **50, inclusive,**

18 | Defendants.

19 | THIS CASE HAS BEEN ASSIGNED TO JUDGE
BARBARA A. KRONLUND IN DEPARTMENT 42
20 | FOR ALL PURPOSES, INCLUDING TRIAL.

21 | Plaintiff Pauline Rodriguez complains of Defendants Atwork Personnel Services, W.G. Hall

22 | LLC, and Does 1 through 50, inclusive, and alleges on information and belief as follows:

23 | **FACTS COMMON TO ALL CAUSES OF ACTION**

24 | 1. At all times herein mentioned, Plaintiff Pauline Rodriguez (hereinafter referred to as

25 | "Plaintiff"), was an adult person and was employed by Defendants in the County of San Joaquin, State

26 | of California.

27 | 2. At all times herein mentioned, Defendant Atwork Personnel Services was a business

28 | entity authorized and licensed to do business in the County of San Joaquin, State of California.

3.     At all times herein mentioned, Defendant W. Hall LLC was a business entity authorized and licensed to do business in the County of San Joaquin, State of California.

4.     That the true names and capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names and will seek leave of Court, if necessary, to amend this complaint to insert the true names and capacities of such Defendants when same have been ascertained.

5.     That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and/or servant of all the other Defendants and was acting within the scope of said employment. All acts alleged to have been committed by any Defendants were committed on behalf of every other Defendant; and, at all times mentioned herein, each alleged act was committed by each Defendant, and/or agent, servant, or employee of each Defendant, and each Defendant directed, authorized, or ratified each such act. Plaintiff is informed and believes and thereon alleges that each Defendant, and each of them, was the agent, employee, coconspirator, business affiliate, subsidiary, parent entity, owner, and/or joint venturer of each other Defendant, and each of them; and, in doing the things alleged herein, was acting at least  in part within the course and scope of such agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

6.     The Defendants named herein pursued a common course of conduct with, acted in concert with, conspired with, and aided and abetted each other to accomplish the wrongs set forth in this complaint, and is each, in whole or in part, legally responsible for Plaintiff's damages and relief as set forth in this complaint.

7.     That at all time and place of the events herein mentioned, each of the Defendants was the agent, employee and servant of all the other Defendants and was acting within the scope of said employment.

8.     Defendants Atwork Personnel Services, W.G. Hall LLC, and Does 1 through 50, inclusive, shall hereinafter be collectively referred to as "Defendant."

9.     In or about November 2013, Plaintiff was hired by Defendant to work as a janitor.

10.     On or about January 19, 2015, Plaintiff suffered a wrist injury while working for Defendant and was taken to the emergency room.

11.     On or about January 20, 2015, Plaintiff received treatment from US Healthworks for a broken wrist.  US Healthworks placed Plaintiff off work for 3 days and provided Plaintiff a Doctor's note to that effect.  Later that day, Plaintiff furnished Defendant with said Doctor's note.

12.     On or about January 21, 2015, Defendant's employee Jasmine Stewart informed Plaintiff she needed to report to work and perform light duty work at Defendant's Personnel Office.

13.     On or about January 22, 2015, Plaintiff reported to Defendant's Personnel Office and performed such light duty work.

14.     On or about January 23, 2015, Plaintiff presented to US Healthworks for her scheduled appointment, and informed US Healthworks she had reported to work for light duty.  US Healthworks issued a second Doctor's note taking Plaintiff off work until on or about February 6, 2016, and referred Plaintiff to Dr. Michael Lin at Alpine Orthopedic.

15.     On or about January 26, 2015, Plaintiff received left wrist surgery.

16.     On or about February 6, 2015, Dr. Lin placed Plaintiff off work until on or about March 6, 2015.

17.     On or about February 20, 2015, Dr. Lin referred Plaintiff to physical therapy which was to occur from on or about March 5, 2015, to on or about May 26, 2015.  Dr. Lin instructed Plaintiff to remain off work until on or about March 16, 2015.

18.     On or about March 16, 2015, US Healthworks placed Plaintiff off work until on or about March 25, 2015.

19.     On or about March 18, 2015, Plaintiff was released from Dr. Lin's care.

20.     On or about March 25, 2015, Plaintiff was released from US Healthworks' care.

21.     On or about March 25, 2016, Plaintiff provided a return to work document to Defendant's receptionist Carol, as Ms. Stewart was not in the Defendant's office.  Later that day, Plaintiff contacted Ms. Stewart regarding Plaintiff's return to work.  Unfortunately, Ms. Stewart informed Plaintiff there was no work available for Plaintiff and to wait for Ms. Stewart to contact Plaintiff.

22.     From on or about March 25, 2015, to on or about April 15, 2015, Plaintiff regularly contacted Defendant, and Ms. Stewart failed to return Plaintiff's telephone calls.

23.     On or about April 27, 2015, Defendant's client supervisor, Brian Hanson, contacted Plaintiff and asked when Plaintiff was going to return to work at Mr. Hanson's job site.  Plaintiff informed Mr. Hanson that Plaintiff had been told there was no work available for Plaintiff with Defendant.  Mr. Hanson stated he would look into the situation.

24.     Later that same day, on or about April 27, 2015, Mr. Hanson contacted Plaintiff again and informed Plaintiff that Ms. Stewart stated Plaintiff was not available to work because Plaintiff was still receiving physical therapy.

25.     Unfortunately, on or about April 28, 2015, Mr. Hanson again contacted Plaintiff and informed Plaintiff that he had received an email from Ms. Stewart which stated the reason Plaintiff could not return to work for Defendant was because Plaintiff had a workers' compensation case against Defendant and that Plaintiff was not legally released from the doctor because she continued to receive physical therapy.

## REMEDIES

26.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered substantial losses in earnings, bonuses, and other employment benefits, including but not limited to expenses incurred in obtaining substitute employment, all to Plaintiff's damage in an amount according to proof.

27.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff was compelled to and did employ health providers to examine, treat and care for Plaintiff.  Plaintiff has incurred liability therefore in an amount according to proof.  Plaintiff is informed and believes and on such information and belief alleges that Plaintiff will necessarily by reason of said Defendant's conduct, require additional health provider services and incur additional liability for health provider services in an amount according to proof.

28.     As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, anxiety, embarrassment, anger, loss of enjoyment of life, emotional distress, and mental and physical pain and anguish, all to Plaintiff's damage in an amount

1 | according to proof.

2 |      29.    The Defendant committed the acts alleged herein maliciously, fraudulently, and

3 | oppressively, and with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil

4 | motive amounting to malice. As a result of the Defendant's conduct, Plaintiffs are entitled to recover

5 | punitive damages in an amount commensurate with the Defendant's wealth.

6 |      30.    Plaintiff is entitled to recover interest, including prejudgment interest, at the legal rate in

7 | an amount according to proof.

8 |      31.    Plaintiff has incurred, continues to incur, and is entitled to recover legal expenses and

9 | attorney fees in an amount according to proof.

10 |      32.    Plaintiff is entitled to reinstatement of her employment with Defendant.

11 |      33.    Plaintiff seeks appropriate injunctive and/or declaratory relief prohibiting the recurrence

12 | and/or continuation of Defendant's unlawful discrimination and/or harassment practices.

13 | **FIRST CAUSE OF ACTION**

14 | **(Physical Disability Discrimination)**

15 |      34.    The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

16 | by reference.

17 |      35.    At all times herein mentioned, California Government Code sections 12940 et seq. were in

18 | full force and effect and were binding on the Defendant. These sections required the Defendant to refrain

19 | from discriminating against Plaintiff on the basis of a physical disability or perceived physical disability,

20 | among other things. Within the time provided by law, Plaintiff filed a complaint with the California

21 | Department of Fair Employment and Housing, in full compliance with these sections, and received a

22 | right-to-sue letter (herein attached as Exhibit "1").

23 |      36.    Plaintiff believes and thereon alleges that Plaintiff's physical disability or perceived

24 | physical disability was a factor in Defendant's decision to discriminate against and terminate Plaintiff.

25 | Such discrimination is in violation of California Government Code sections 12940 et seq. and has

26 | resulted in damage and injury to Plaintiff as alleged herein.

27 |      WHEREFORE, Plaintiff requests relief as hereinafter provided.

28 | ///

## SECOND CAUSE OF ACTION

### (Violation of Government Code §12940(m))

37.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

38.     At all times herein mentioned, California Government Code §12940(m) was in full force and effect and was binding on the Defendant. This section required the Defendant to make reasonable accommodation for Plaintiff's known physical disability so long as such accommodation would not produce undue hardship for the Defendant or to its operation. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

39.     Plaintiff believes and thereon alleges that Defendant failed to accommodate Plaintiff's known physical disability even though such accommodation would not produce undue hardship for the Defendant or to its operation. Such action, or failure to act, is in violation of California Government Code §12940(m) and has resulted in damage and injury to Plaintiff as alleged herein.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION

### (Violation of Government Code §12940(n))

40.     The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein by reference.

41.     At all times herein mentioned, California Government Code §12940(n) was in full force and effect and was binding on the Defendant. This section required the Defendant to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical disability. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right-to-sue letter (herein attached as Exhibit "1").

42.     Plaintiff believes and thereon alleges that Defendant failed to engage in a timely, good faith, interactive process with the Plaintiff to determine effective, reasonable accommodations, if any, in

1  response to a request for reasonable accommodation by the Plaintiff for Plaintiff's known physical

2  disability. Such action, or failure to act, is in violation of California Government Code §12940(n) and has

3  resulted in damage and injury to Plaintiff as alleged herein.

4     WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

### (Violation of Government Code Subsection 12940(k))

7     43.   The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

8  by reference.

9     44.   At all times herein mentioned, California Government Code subsection 12940(k) was in

10 full force and effect and was binding on the Defendants. This subsection required the Defendant to "take

11 all reasonable steps necessary to prevent discrimination and harassment from occurring."   Within the

12 time provided by law, Plaintiff filed complaints with the California Department of Fair Employment and

13 Housing, in full compliance with this subsection, and received right-to-sue letters (herein attached as

14 Exhibit "1").

15    45.   Plaintiff believes and thereon alleges that Defendant failed to take all reasonable steps

16 necessary to prevent discrimination and/or harassment from occurring. Such failure is in violation of

17 California Government Code subsection 12940(k) and has resulted in damage and injury to Plaintiff as

18 alleged herein.

19    WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION

### (Violation of California Family Rights Act)

22    46.   The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

23 by reference.

24    47.   At all times herein mentioned, California Government Code section 12945.2 (commonly

25 referred to as the California Family Rights Act, hereafter "CFRA") was in full force and effect and was

26 binding on Defendant. This section, among other things, required the Defendant to allow Plaintiff a

27 medical leave pursuant to Plaintiff's serious health condition and required the Defendant to refrain from

28 terminating Plaintiff during the time period of said medical leave. Within the time provided by law,



1  Plaintiff filed a compl....... with the California Department of ..... Employment and Housing, in full

2  compliance with this section, and received a right-to-sue letter (herein attached as Exhibit "1").

3       48.    Plaintiff believes and thereon alleges that Defendant failed to provide Plaintiff with said

4  medical leave and/or Defendant terminated Plaintiff during the time period of said medical leave.  Such

5  actions by Defendant are in violation of California Government Code section 12945.2 and have resulted

6  in damage and injury to Plaintiff as alleged herein.

7       WHEREFORE, Plaintiff requests relief as hereinafter provided.

8  **SIXTH CAUSE OF ACTION**

9  **(Tortious Termination In Violation of Public Policy)**

10       49.    The allegations set forth in Paragraphs 1 through 33 are realleged and incorporated herein

11  by reference.

12       50.    At all times herein mentioned, California Constitution Article XIV, Section 4 and

13  California Labor Code Section 132a were in full force and effect and was binding on the Defendant.

14  These sections, among other things, required the Defendant to allow Plaintiff access to the workers'

15  compensation system and required the Defendant to refrain from terminating Plaintiff because Plaintiff

16  utilized said system.

17       51.    As herein previously alleged, Defendant failed to provide Plaintiff with said access and/or

18  Defendant terminated Plaintiff because Plaintiff utilized said system.  Such actions by Defendant are in

19  violation of the public policy of the State of California as reflected in the California Constitution and

20  Labor Code, and have resulted in damage and injury to Plaintiff as alleged herein.

21       WHEREFORE, Plaintiff requests relief as hereinafter provided.

22  **REQUEST FOR JURY TRIAL**

23       Wherefore, Plaintiff requests a trial by jury.

24  **PRAYER FOR RELIEF**

25       WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

26       1.    For compensatory damages, including lost wages, lost health provider expenses, and lost

27  employment benefits;

28       2.    For general damages, including mental and emotional distress damages;

Law Offices of Corren & Corren
5345 N. El Dorado, Suite 7
Stockton, CA 95207
(209)478-2621

−8−
Complaint

3.    For puni    damages;

4.    For an award of interest, including prejudgment interest, at the legal rate.

5.    For an award of attorney fees;

6.    For costs of suit incurred;

7.    For an order by the Court reinstating Plaintiff's employment with Defendant;

8.    For appropriate injunctive and/or declaratory relief prohibiting the recurrence and/or continuation of Defendant's unlawful discrimination and/or harassment practices; and

9.    For such other and further relief as the court deems appropriate.


DATED:  4 - 6 - 16                          LAW OFFICES OF CORREN & CORREN


                                            ADAM BLAIR CORREN
                                            Attorney for Plaintiff,
                                            Pauline Rodriguez

# EXHIBIT 1

STATE OF CALIFORNIA | Consumer Services and Housing Agency | GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT** · **FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

**AMENDED**

May 28, 2015

Spencer Sinclair
5345 N. El Dorado, Suite 7 5345 N. El Dorado Street, Ste 7
Stockton CA 95207

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your attorney must serve the complaint. If you do not have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA — Consumer Services and Housing Agency   GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT · FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

**AMENDED**

May 28, 2015

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT** **FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

May 28, 2015

Pauline Rodriguez
5345 N. El Dorado, Suite 7
Stockton, California 95207

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 566279-161267
Right to Sue: Rodriguez / Atwork Personnel Services

Dear Pauline Rodriguez,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective May 28, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA IR · Consumer Services and Housing Agency · GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT · FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

**AMENDED**

Enclosures

  cc:  W.G. Hall LLC

1

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

2

## BEFORE THE STATE OF CALIFORNIA

3

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act

4

(Gov. Code, § 12900 et seq.)

5

6

In the Matter of the Complaint of                    DFEH No. 566279-161267

7

Pauline Rodriguez, Complainant.
5345 N. El Dorado, Suite 7

8

Stockton, California 95207

9

vs.

10

Atwork Personnel Services, Respondent.

11

221 Tuxedo Court
Stockton, California 95204

12

13

14

Complainant alleges:

15

1. Respondent Atwork Personnel Services is a Private Employer subject to suit under the California Fair

16

Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

17

2. On or around April 28, 2015, complainant alleges that respondent took the following adverse actions against

18

complainant: Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied family care or

19

medical leave, Denied reasonable accommodation, Terminated, .   Complainant believes respondent

20

committed these actions because of their: Disability, Engagement in Protected Activity, Family Care or Medical Leave.

21

3. Complainant Pauline Rodriguez resides in the City of Stockton, State of California. If complaint includes

22

co-respondents please see below.

*Complaint -- DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

1

2    **Co-Respondents:**
     W.G. Hall LLC

3    3215 W. Gobernor John Sevier Hwy
     Knoxville  Tennessee 37920

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

H 902-1

-6-

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

Additional Complaint Details:

In or about November 2013, Complainant was hired by Respondents to work as a janitor.

On or about January 19, 2015, Complainant suffered a wrist injury while working for Respondents and was taken to the emergency room.

On or about January 20, 2015, Complainant received treatment from US Healthworks for a broken wrist. US Healthworks placed Complainant off work for 3 days and provided Complainant a Doctors note to that effect. Later that day, Complainant furnished Respondents with said Doctors note.

On or about January 21, 2015, Respondents employee Jasmine Stewart informed Complainant she needed to report to work and perform light duty work at Respondents Personnel Office.

On or about January 22, 2015, Complainant reported to Respondents Personnel Office and performed such light duty work.

On or about January 23, 2015, Complainant presented to US Healthworks for her scheduled appointment, and informed US Healthworks she had reported to work for light duty. US Healthworks issued a second Doctors note taking Complainant off work until on or about February 6, 2016, and referred Complainant to Dr. Michael Lin at Alpine Orthopedic.

On or about January 26, 2015, Complainant received left wrist surgery.

On or about February 6, 2015, Dr. Lin placed Complainant off work until on or about March 6, 2015.

On or about February 20, 2015, Dr. Lin referred Complainant to physical therapy which was to occur from on or about March 5, 2015, to on or about May 26, 2015. Dr. Lin instructed Complainant to remain off work until on or about March 16, 2015.

On or about March 16, 2015, US Healthworks placed Complainant off work until on or about March 25, 2015.

On or about March 18, 2015, Complainant was released from Dr. Lins care.

On or about March 25, 2015, Complainant was released from US Healthworks care.

On or about March 25, 2016, Complainant provided a return to work document to Respondents receptionist Carol, as Ms. Stewart was not in the Respondents office. Later that day, Complainant contacted Ms. Stewart regarding Complainants return to work. Unfortunately, Ms. Stewart informed Complainant there was no work available for Complainant and to wait for Ms. Stewart to contact Complainant.

From on or about March 25, 2015, to on or about April 15, 2015, Complainant regularly contacted Respondents, and Ms. Stewart failed to return Complainants telephone calls.

On or about April 27, 2015, Respondents client supervisor, Brian Hanson, contacted Complainant and asked when Complainant was going to return to work at Mr. Hansons job site. Complainant informed Mr. Hanson that Complainant had been told there was

-7-

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

H 902-1

no work available for Complainant with Respondents. Mr. Hanson stated he would look into the situation.

Later that same day, on or about April 27, 2015, Mr. Hanson contacted Complainant again and informed Complainant that Ms. Stewart stated Complainant was not available to work because Complainant was still receiving physical therapy.

Unfortunately, on or about April 28, 2015, Mr. Hanson again contacted Complainant and informed Complainant that he had received an email from Ms. Stewart which stated the reason Complainant could not return to work for Respondents was because Complainant had a workers compensation case against Respondents and that Complainant was not legally released from the doctor because she continued to receive physical therapy.

-8-

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

1

## VERIFICATION

2

I, **Spencer D. Sinclair,** am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

3

4

On May 28, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

6                                                                                      Stockton, CA
                                                                                       **Spencer D. Sinclair**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

*Complaint – DFEH No. 566279-161267*

Date Filed: May 28, 2015

Date Amended: March 18, 2016

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Adam Blair Corren, SBN: 183067; Tyler D. Sinclair, SBN: 294340<br>LAW OFFICES OF CORREN & CORREN<br>5345 N. El Dorado, Suite 7<br>Stockton, CA 95207<br>TELEPHONE NO.: 209-478-2621   FAX NO.: 209-478-3038<br>ATTORNEY FOR *(Name):* Plaintiff Pauline Rodriguez | *FOR COURT USE ONLY*<br><br>✓ FILED<br><br>16  APR -7  AM 9: 17<br><br>ROSA JUNQUEIRO, CLERK<br><br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 E. Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME:

CASE NAME:
Rodriguez v. Atwork Personnel Services, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | STK-CV-UWT-2016-3335 |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: BARBARA A. KRONLUND |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46)<br>**Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23)<br>**Non-PI/PD/WD (Other) Tort**<br>☐ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35)<br>**Employment**<br>✓ Wrongful termination (36)<br>☐ Other employment (15) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37)<br>**Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26)<br>**Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-6-16

ADAM BLAIR CORREN
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc. |

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA

**San Joaquin County**
**222 E. Weber Avenue**
**Stockton, CA 95201**

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2016-0003335**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 10/04/2016 | | Time: 8:45 AM |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Barbara Kronlund | Stockton | 42 | (209)992-5693 |

## [ X ]  ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

   a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 04/07/2016                                         _____Rita Gomez_____ ,Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING**